**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA,

Plaintiff,

v.

ROBERT F. KENNEDY JR., in his official capacity as Secretary of Health and Human Services, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, MEHMET OZ, in his official capacity as Administrator of the Centers for Medicare and Medicaid Services, CENTERS FOR MEDICARE AND MEDICAID SERVICES, ABE SUTTON, in his official capacity as Director of the Center for Medicare and Medicaid Innovation, and CENTER FOR MEDICARE AND MEDICAID INNOVATION,

Defendants.

Case No. 1:26-cv-03498-RCL

**JOINT MOTION TO SET BRIEFING SCHEDULE**

The parties respectfully submit this joint motion to set a briefing schedule in this case:

1. On October 2, 2026, the Centers for Medicare & Medicaid Services (CMS) issued a new regulation called Global Benchmark for Efficient Drug Pricing (GLOBE), 91 Fed. Reg. 62,936 (Oct. 2, 2026).

2. On October 7, 2026, Plaintiff Pharmaceutical Research and Manufacturers of America ("PhRMA") filed a complaint challenging GLOBE. *See* ECF No. 1 ("Compl."). The Complaint alleges that (1) GLOBE exceeds CMS's statutory authority and is contrary to law, *id.* ¶¶ 173-78, and (2) GLOBE is unconstitutional under both the Presentment Clause and the nondelegation doctrine, *id.* ¶¶ 179-83.

3. The parties have met and conferred and are in agreement that this case should proceed to briefing on dispositive motions. PhRMA intends to move for summary judgment.

Defendants intend to oppose that motion, and simultaneously move to dismiss or, in the alternative, for summary judgment.

4. Because GLOBE's performance period begins on April 1, 2027, PhRMA respectfully requests a ruling on the parties' cross-motions for summary judgment by March 1, 2027. A ruling by that date would give PhRMA adequate time to seek further relief if necessary and would give PhRMA's members adequate time to prepare to comply with GLOBE if necessary.

5. The Government defers to the Court on the timing of a decision, and does not believe a ruling is necessary by any date certain. Nevertheless, in the interest of compromise, the Government has agreed to a briefing schedule that would allow the Court to issue a decision, in its discretion, on PhRMA's preferred timetable.

6. The parties respectfully propose the following schedule for dispositive motions in this case:

| | |
|---|---|
| PhRMA's Motion for Summary Judgment, with an accompanying memorandum in support not to exceed 45 pages. | November 4, 2026 |
| Defendants' Combined Motion to Dismiss or, in the Alternative, for Summary Judgment & Opposition to PhRMA's Motion, with an accompanying memorandum not to exceed 55 pages. | December 10, 2026 |
| PhRMA's Combined Reply in Support of Motion for Summary Judgment & Opposition to Defendants' Motion, not to exceed 55 pages. | January 7, 2027 |
| Defendants' Reply in Support of their Motion, not to exceed 40 pages. | January 29, 2027 |

7. The parties respectfully maintain that the additional pages are necessary given the nature of the constitutional and statutory claims as well as the combined nature of the various filings.

8. PhRMA also respectfully submits that oral argument would aid the Court in resolving this matter given the nature of the constitutional and statutory claims, and requests that the Court schedule such argument at its convenience following the completion of briefing and in advance of March 1, 2027.

9. In addition, PhRMA respectfully requests that in advance of entering a scheduling order, the Court schedule and hold a status conference as soon as practicable and prior to the proposed November 4 deadline for PhRMA's Motion for Summary Judgment. PhRMA respectfully submits that a status conference could be of assistance to the Court in ensuring that the proposed schedule affords the Court adequate time to address the proposed cross-motions in advance of GLOBE's effective date. The undersigned counsel of record for PhRMA is available for a status conference at the Court's convenience on any day other than October 27, October 28, and October 29.

10. The Government believes that a status conference is unnecessary because the parties have agreed on a proposed schedule.

11. Given the purely legal nature of PhRMA's claims, the parties agree that this case can be fully resolved without any discovery, Defendants producing an administrative record, or either party preparing a statement of undisputed material facts. To the extent any party intends to reference any administrative documents not already publicly available, the party will submit them to the Court by attaching the documents as exhibits to its briefs or supporting declarations. Accordingly, the parties respectfully request that the Court dispense with Local Civil Rule 7(h)(1)'s requirement that motions for summary judgment be accompanied by separate statements of material facts and Local Civil Rule 7(n)(1)'s requirement that the Government produce an administrative record.

Dated: October 23, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MICHELLE R. BENNETT
Assistant Branch Director
Federal Programs Branch

/s/ *Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar 995500)
Chief Litigation Counsel
PARDIS GHEIBI (D.C. Bar 90004767)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel: (202) 305-8576
Email: stephen.pezzi@usdoj.gov

*Counsel for Defendants*

*/s/ Elizabeth B. Prelogar*
Elizabeth B. Prelogar (D.C. Bar No. 1011890)
Joshua Revesz (D.C. Bar No. 1616617)
Elias S. Kim (*pro hac vice*)
Jade Ford (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
eprelogar@cooley.com

Connie Wang (*pro hac vice*)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Counsel for Plaintiff Pharmaceutical Research and Manufacturers of America*